**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CABRINI-GREEN LOCAL ADVISORY COUNCIL, | ) ) ) | |
| Plaintiff, | ) ) | No. 1:96-cv-06949 |
| v. | ) ) ) | Judge Edmond E. Chang |
| CHICAGO HOUSING AUTHORITY, *et al.*, | ) ) | Magistrate Judge Heather K. McShain |
| Defendants. | ) | |

**ORDER**

On review of the motion of the Chicago Housing Authority to enforce the consent decree, R. 339, and the joint motion of the parties for restitution orders and other relief, R. 376, the motions are granted as described in this Order.

As discussed in prior orders, substantial evidence has shown that the Cabrini Green LAC Community Development Corporation (CDC) and its former board members failed to sufficiently monitor the CDC's consent-decree-generated funds. R. 254 at 6–7. Worse, not only was $25,106 used in petty cash with no recorded purpose, money was affirmative misspent, such as payments to the father of the sons of the CDC's then-President, Carole Steele, *id.* at 6, and to cover funeral expenses of Steele's brother, *id.* at 7.

Even after the Court entered an interim-relief order requiring strict record-keeping and disclosures of expenditures, the record evidence shows that still Carole Steele signed a $7,200 check to her son, Travaughn Steele, as purported "severance pay" on around July 20, 2021. R. 376, Exh. E. Not surprisingly, in a demonstration of consciousness of guilt, Steele did not disclose the expenditure as required under the interim-relief order. R. 376 at 6.

On top of that, Steele and then-Board members JoAnn Hollie, Lynell Dillon, Lena Wells, and Vincent Davis also paid themselves, on around July 20, 2021, each a purported "stipend" of $2,000. R. 376, Exh. E. These payments too were not disclose as required by the interim-relief order. R. 376 at 6. The payment of the purported

1

stipends were in direct violation of an express ban in the CDC Articles of Incorporation & By-Laws. R. 244-1, By-Laws § 10 ("Directors of the Corporation shall not receive salaries or compensation for serving as directors ….").

After discovery of the payments, the then-Directors and Travaughn Steele agreed to pay back the funds. But further relief is warranted in light of the explicit violation of the interim-relief order and, more importantly, the By-Laws' ban on receiving compensation as a director. The record evidence supports a finding that Carol Steele, JoAnn Hollie, Lynell Dillon, Lena Wells, and Vincent Davis knew that the By-Laws banned the stipends (the By-Laws have contained that ban since August 24, *2009*, R. 244-1, By-Laws title page). The knowing violation of the By-Laws for personal gain warrants a ban on any future role of theirs in an officer or director position of CDC (or any successor corporation under the Consent Decree).

Specifically, it is ordered that Carol Steele, JoAnn Hollie, Lynell Dillon, Lena Wells, and Vincent Davis are prohibited from occupying any corporate officer or director role in CDC or any other LAC operating entity that takes its place pursuant to the Consent Decree, R. 160, and are also prohibited from being involved in any Cabrini-Green Local Advisory Council's (LAC's) operating entity's responsibilities as set out in Section III.A.1 of the Consent Decree.

IT IS SO ORDERED.

ENTERED:

      s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: March 31, 2022

2